**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| XZAVIER ROBINSON | : | |
| | : | |
| Appellant | : | No. 1582 EDA 2023 |

Appeal from the Judgment of Sentence Entered May 19, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007372-2021

BEFORE: BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.: **FILED AUGUST 9, 2024**

Appellant, Xzavier Robinson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his guilty plea to third-degree murder and persons not to possess firearms.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with murder (generally), persons not to possess firearms, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, and possessing an instrument of crime. On March 20, 2023, the court conducted a plea hearing, during which Appellant pled guilty to third-degree murder and persons not to possess firearms. In exchange, the Commonwealth *nolle prossed* the remaining

---

[1] 18 Pa.C.S.A. §§ 2502(c) and 6105(a), respectively.

counts and agreed to a sentence no longer than 17½ to 35 years of incarceration.

Appellant signed a written plea colloquy in which he affirmed that he understood the elements of the charges to which he was pleading guilty, and the trial and appellate rights he was giving up by pleading guilty. Appellant further affirmed that he was entering the plea of his own volition and was not coerced in any way to enter a guilty plea. Additionally, Appellant agreed by signing the plea colloquy that he understood the following:

> After pleading guilty and getting sentenced, if I wish to argue on appeal that my guilty plea was not voluntary, or that my sentence was excessive, I must first raise those claims in a post-sentence motion. If I don't file a written post-sentence motion within 10 days of my sentencing, I lose the right to file the motion and to argue those claims on appeal.

(Guilty Plea Colloquy, filed 3/20/23, at 5). Appellant further affirmed that he reviewed the colloquy with his attorney and understood the terms to which he was agreeing.

At the plea hearing, Appellant agreed to the following factual basis for his plea:

> On Sunday, August 30, 2020, at approximately 3:30 p.m., 39th District [police] officers responded to a radio call for a person with [a] gun at 3620 North 19th Street. Upon arrival, they located [Victim], Shaheed Edwards, lying on the street suffering from numerous gunshot wounds to the head, neck, and arm.
>
> He was found on the ground next to his wheelchair. [Officers] transported [Victim] to Temple Hospital where he was pronounced dead … at 4:58 p.m.

An autopsy was conducted by Dr. Albert Chu of the Philadelphia Medical Examiner's Office, and he found that [Victim] had suffered eight gunshot wounds. At the time of his death, [Victim] was twenty-six years old, and the cause of death was multiple gunshot wounds. The manner of death was found to be homicide.

A witness named Christina Agosto ... was working at the grocery store across the street from where the murder occurred. She heard a loud popping noise that caused her to look outside. She saw [Appellant] wearing a dark blue jumpsuit with red designs [and] a black facemask tussling with [Victim], whom she recognized from the area[.]

[Appellant] then pushed [Victim] out of his wheelchair, lowered his mask and appeared to say something to [Victim]. [Appellant] then proceeded to shoot [Victim] again multiple times before fleeing westbound on Pacific [Street] toward 20th Street. Ms. Agosto described the [shooter] as [having a] dark complexion, taller than 5'10", broad shoulders, [and a] fit build. She also recognized the shooter. She recognized him from her store. He had worn the exact same outfit on a prior occasion when he was inside the store, and she knew him to be the boyfriend of a young woman who frequented the store often … who she knew as Shay.

She identified a photograph of [Appellant] as the offender. Later on, in the pendency of the case, at the preliminary hearing stage she identified [Appellant] in a lineup.

[Victim's] aunt told police that [Victim] had been involved with this female named Shay who resided on the third [floor of] the property outside where [Victim] had been shot. [Victim] lived in that property on the first floor. There was a wheelchair ramp that [led] into that property. He had been in an altercation or an incident with a female tenant of that building, Shay….

[Appellant] later … told detectives that he was in a relationship with Shay. [Victim's] aunt gave [Appellant's] name to the police.

- 3 -

[F]rom the crime scene, the crime scene unit officers recovered three 9-millimeter [fired cartridge casings (FCCs)] and a projectile from the scene. Surveillance footage recovered from 3619 North 19th Street captured the suspect entering the corner store and leaving the corner store. It showed him wearing long pants and a dark hoodie with the hood pulled tight with the red in the jumpsuit and corroborating the [witness'] description of him.

The actual homicide … is just above the camera view, so we see the feet, we see [Victim] fall to the ground from the wheelchair, and then we see the feet of [the] shooter as he shoots [Victim] again after as he's on the ground, and then from a different camera we see [Appellant] fleeing the scene.

In the course of the investigation, Detective Parker obtained both [the] phone number and Instagram account for [Appellant]. Two days after the murder, there was a shooting on September 1st at 2700 North Ringgold Street in which a victim … was shot. … The FCCs from that shooting … matched FCCs from the homicide on August 30th. [O]n [Appellant's] Instagram, [Appellant], in a conversation with his girlfriend Shay, talked about that incident, described having been shot at and then having returned fire… [H]e gave … the 2700 Ringgold address as being the location of that shooting. Furthermore, his description of what happened matched the incident [and] everything that was recovered pursuant to that investigation.

When [Appellant] was arrested, he gave a statement to police in which he acknowledged being in that area on the date of the murder. He acknowledged his girlfriend Shay and her Instagram, as well as his own Instagram[.]

(N.T. Plea Hearing, 3/20/23, at 25-29).

The court also conducted an oral colloquy during which Appellant affirmed that he understood the charges against him, his right to a jury trial, the presumption of innocence, his limited appellate rights, and the permissible range of sentences he faced. Appellant further affirmed that he was entering

- 4 -

into the plea voluntarily and there were no factors hindering his ability to enter a knowing and intelligent plea. The court accepted Appellant's plea as knowing, intelligent, and voluntary.

On May 19, 2023, the court sentenced Appellant to an aggregate term of 17½ to 35 years' incarceration. Appellant did not file a post-sentence motion. Appellant filed a timely notice of appeal on June 16, 2023. On June 21, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. On July 11, 2023, Appellant's counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an **Anders**[2] brief in lieu of filing a concise statement. Thereafter, counsel filed an application to withdraw and an **Anders** brief with this Court.

Preliminarily, counsel seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79,

---

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." *Commonwealth v. Reid*, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006). *See also Commonwealth v. Dempster*, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor [*Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> *    *    *
>
> Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's reference to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is

frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, counsel has filed an application to withdraw. The application states that counsel has conducted a careful review of the record and determined that the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the **Anders** brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise additional issues Appellant deems worthy of this Court's attention.

In the **Anders** brief, counsel summarized the relevant procedural history of the case. The argument section of the brief refers to relevant case law and portions of the record that might arguably support Appellant's issue. Counsel also provides the reasons for counsel's conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Appellant has not responded to the **Anders** brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

> May [Appellant] challenge the validity of his guilty plea after being sentenced by the [trial] court to a term of 17½ to 35 years in prison for [third degree murder] and [possession of firearms prohibited]?

(**Anders** Brief at 4).

Initially, we observe that "to preserve an issue related to a guilty plea,

- 7 -

an appellant must either 'object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion.'" *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa.Super. 2017) (quoting *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa.Super. 2002)). "Failure to employ either measure results in waiver." *Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014). "Historically, Pennsylvania courts adhere to this waiver principle because '[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.'" *Id.* (internal citation omitted).

Instantly, the court sentenced Appellant on May 19, 2023. At the sentencing hearing, Appellant did not raise any objection to the validity of his plea. At the conclusion of the hearing, the court informed Appellant that he had ten days to file a post-sentence motion if he wished to challenge any aspect of his plea or sentence, and that failure to file a post-sentence motion would result in wavier of his claims on appeal. Nevertheless, Appellant did not file a post-sentence motion seeking to withdraw the plea. Consequently, Appellant has waived any challenge to the validity of his plea. *See Monjaras-Amaya, supra*; *Lincoln, supra*.

Moreover, even if Appellant had preserved this claim of error, it would not merit any relief. "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice

before withdrawal is justified." ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Id.*** (quoting ***Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa.Super. 2002)).

Our Rules of Criminal Procedure mandate that pleas are taken in open court and the court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; (6) that the judge is not bound by the terms of the agreement unless the judge accepts the agreement; and (7) that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally. ***See*** Pa.R.Crim.P. 590, *Comment*.

This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Muhammad, supra***. A guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full

- 9 -

understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Rush*, 909 A.2d 805 (Pa.Super. 2006).

Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. *Commonwealth v. Pollard*, 832 A.2d 517 (Pa.Super. 2003). A defendant who decides to plead guilty is bound by the statements he makes while under oath and "may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.* at 523. "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." *Id.* at 524.

Here, the court conducted an on-the-record colloquy at the plea hearing. At that time, Appellant confirmed his understanding of the proceedings and the terms of the plea agreement. Appellant indicated that he wanted to plead guilty to the offenses at issue in exchange for the Commonwealth's agreement to a maximum sentence of 17½ to 35 years of incarceration and the withdrawal of other offenses. Appellant stated that no one had forced him into entering the plea, and that he was not under the influence of anything that prevented him from understanding the consequences of his plea. Further, Appellant admitted to the factual basis for the plea, and he confirmed his understanding of the right to a jury trial and the presumption of innocence.

(*Id.*) On this record, the totality of the circumstances demonstrates that Appellant entered a knowing, voluntary, and intelligent guilty plea. *See Rush, supra*; *Muhammad, supra*. Following our independent review of the record, we agree the appeal is wholly frivolous. *See Dempster, supra*; *Palm, supra*. Accordingly, we affirm.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/9/2024